IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PRESTON ROBERSON PLAINTIFF

v. Case No. 4:26-cv-04038

AARON R. BREASEL; TOM COOPER;
PROSECUTOR TISHA MARTIN; DILLON ROBERT;
DEPUTY TRENT COFFMAN; and TIM BOWLIN DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation issued by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 11. Judge Singleton recommends that Plaintiff's in forma pauperis ("IFP") Motion (ECF No. 1) be denied and this case be dismissed without prejudice. Specifically, Judge Singleton finds that Plaintiff may not obtain IFP status under 28 U.S.C. § 1915(g) because he has filed at least three claims that have been dismissed as frivolous, malicious, or failure to state a claim and does not allege that he is under imminent danger of serious physical injury. Judge Singleton also reviewed Plaintiff's Motion to Amend (ECF No. 10) and recommends it be denied as moot.

Plaintiff filed objections to the Report and Recommendation.[1] ECF No. 12. Plaintiff poses several questions to the Court, including whether there are forms besides the 42 U.S.C. § 1983 form on which he may file a suit against prison guards, medical staff, and government officials for civil rights violations and whether the § 1915(g) three-strike rule is constitutional. *Id.* at 1. Plaintiff also objects to the Report and Recommendation for two reasons. First, he states that he cannot litigate his case without an attorney. Second, he claims that he is under imminent danger

[1] Plaintiff's objections are untimely. However, the Court will consider them because they were filed only a week after the deadline to object.

of serious physical injury from government officials, medical staff, and jail administrators. Plaintiff does not provide specific facts supporting his claim that he is in imminent danger.

Construing Plaintiff's objections liberally, the Court finds that Plaintiff has not put forth a specific objection to Judge Singleton's reasoning. *See U.S. v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (noting that pro se filings must be liberally construed). Thus, the Court need only review the Report and Recommendation for clear error. *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990) (noting that an objection to a magistrate judge's report and recommendation must be timely and specific to require de novo review). Upon review, finding no clear error on the face of the record and that Judge Singleton's reasoning is sound, the Court adopts the Report and Recommendation (ECF No. 11) *in toto*. However, in response to Plaintiff's questions, the Court clarifies that Plaintiff is ineligible for IFP status because he failed to satisfy the imminent danger exception to the § 1915(g) three-strike rule. **Plaintiff may still bring his claims against the named Defendants on the 42 U.S.C. § 1983 form if he pays the full filing fee.**

Accordingly, Plaintiff's IFP status is **REVOKED** pursuant to 28 U.S.C. § 1915(g) and this case is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file a Motion to Reopen this case upon payment of the full filing fee. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 20th day of October, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge